UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:16-cr-19-002 |
| v. | ) | |
| | ) | Judge Mattice/Steger |
| AMY LEE RAMOS-COLLAZO | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

AMY LEE RAMOS-COLLAZO ("Defendant") came before the Court for a hearing on March 15, 2017, in accordance with Rule 46(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3142 and 3148 on the Petition for Action on Conditions of Pretrial Release ("Petition").

After being sworn in due form of law, Defendant was reminded of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution. Defendant was represented at the hearing by her attorney, Keith Davis.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with her attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of her counsel. In addition, AUSA Jay Woods explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that she understood the charges in the Petition.

Defendant was advised of her right to a hearing on the allegations in the Petition. Defendant elected to have such a hearing. At the hearing, the Government relied upon the sworn Petition and the sworn testimony of Probation Officer Candace Lindsey to support its allegations that Defendant violated certain conditions of release.

More specifically, Ms. Lindsey testified that Defendant tested positive for methamphetamine, amphetamine, and methylenedioxymethamphetamine (MDMA), reflecting that she unlawfully possessed and used illegal controlled substances. Further, Ms. Lindsey testified that Defendant failed to abide by the conditions of Court-imposed Location Monitoring on at least seventeen different occasions since her last revocation hearing in January 2017. These violations consisted of failing to return home when scheduled, traveling to unauthorized locations, leaving home when not authorized, staying away from her residence overnight without authorization, and failing to charge her GPS tracking unit. Defendant did not rebut these allegations.

1

It should be noted that Defendant appeared before the Court for a Petition for Action on Conditions of Pretrial Release on January 11, 2017, at which time the undersigned gave Defendant the benefit of the doubt and reiterated to her the absolute necessity of strict compliance with the conditions of pretrial release. At that time, the Court obtained a verbal commitment from Defendant in open court that she would comply with such conditions. Defendant's illegal drug use and failure to abide by the conditions of Location Monitoring are in direct contravention of the Court's Order Setting Conditions of Release [Docs. 6, 9].

Based on the sworn allegations of the Petition and the testimony of Officer Lindsey, the Court finds that probable cause exists to believe that Defendant has committed a Federal, State, or local crime (*i.e.*, illegal drug use) while on release, and that clear and convincing evidence exists to establish that Defendant has violated other conditions of release (*i.e.*, Location Monitoring infractions), and that Defendant is unlikely to abide by any condition or combination of conditions of release. Based on the factors set forth in 18 U.S.C § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community.

It is, therefore, ORDERED that:

1. The Petition for Action on Conditions of Pretrial Release is hereby GRANTED.

2. Defendant's bond conditions are revoked and she is ORDERED into custody to be DETAINED WITHOUT BAIL pending further order of this Court.

**SO ORDERED.**

**ENTER.**

s/*Christopher H. Steger*
United States Magistrate Judge